## Case No. 3,883.

### DIBBLE et al. v. SIBLEY et al.

[7 Blatchf. 209.][1]

Circuit Court, S. D. New York. April 18, 1870.

PATENTS—CONSTRUCTION OF CLAIM — SEWING MACHINES.

1. The first claim of the patent granted to Thomas J. W. Robertson, November 22d, 1859, for an "improvement in sewing machines," being a claim to "the employment, in combination with the needle of a sewing machine, of a plate K, constructed and operating substantially as herein shown and described, for the purpose of laying and holding braid, gimp and other material upon the surface of the fabric, as set forth," is not only restricted to a separate, detachable plate, but cannot extend to a detachable braiding guide arranged in connection with the presser foot of a sewing machine. [Dibble v. Augur, Case No. 3,879, followed.]

2. The braiding device used in connection with the Wilcox and Gibbs sewing machine, not being a separate, detachable plate, but being a part of the presser foot, does not infringe such first claim.

---

[1] [Reported by Hon. Samuel Blatchford. District Judge, and here reprinted by permission.]

---

[1] [Reported by John A. Hayward, Esq., and George C. Hazleton, Esq.]

·· 3. Nor does such braiding device infringe the second claim of such patent, inasmuch as the guides or sides of the braiding channel or groove in it do not extend past the centre, and on each side, of the needle hole, for the purpose of keeping the stitching always in the centre of the braid, in turning corners, circles, &c., by holding it in position until it is sewed on the cloth.

[In equity. Bill by Sidney W. Dibble and others against John J. Sibley and Nesbit D. Stoops for the alleged infringement of letters patent No. 26,205, granted to T. J. W. Robertson, November 22, 1859.]

Frederick H. Betts, for plaintiffs.
L. E. Chittenden, for defendants.

BLATCHFORD, District Judge. This suit is founded on letters patent of the United States granted to Thomas J. W. Robertson, November 22d, 1859, for an "improvement in sewing machines." The patent relates to a braiding attachment to a sewing machine, and the question involved in this suit is, whether the braiding device used in connection with what is known as the "Wilcox and Gibbs Sewing Machine," that being the machine in which the defendants have dealt, is an infringement of the Robertson patent. That patent was before me in the case of Dibble v. Augur [Case No. 3,879], which was a litigation between the present plaintiffs and a person who was alleged to have infringed the Robertson patent by selling the braiding attachment used in connection with what is known as the "Florence Sewing Machine." I then gave a construction to the first claim of the patent, and expressed my views at such length that I deem it unnecessary now to state them again. The evidence in the present case and the argument at the bar have served only to confirm those views. The conclusion arrived at in regard to the first claim of the patent was, that that claim, in claiming "the employment, in combination with the needle of a sewing machine, of a plate K, constructed and operating substantially as herein shown and described, for the purpose of laying and holding braid, gimp or other material upon the surface of the fabric, as set forth," must not only be held to be restricted to a separate, detachable plate, but could not extend to a detachable braiding guide arranged in connection with the presser foot of a sewing machine.

The braiding guide alleged in the present suit to infringe, is not a separate, detachable plate, but is formed in, and as a part of, the presser foot. It does not employ the combination specified in the first claim of the patent. It has no separate, detachable plate constructing and operating, in combination with the needle, in substantially the same manner as Robertson's plate, and the combination of braiding guide and needle found in the defendants' machine, such braiding guide being made in the presser foot, is not substantially the same combination with

that claimed in Robertson's first claim. Therefore, the defendants have not infringed the first claim of the patent.

Nor has the second claim been infringed. That claim requires that the guides, or sides of the braiding channel or groove, shall extend past the centre, and on each side, of the needle hole, for the purpose of keeping the stitching always in the centre of the braid, in turning corners, circles, &c., the guides so extended being made to effect such purpose by holding the braid in position until it is sewed on the cloth. It is shown by the proofs, that the defendants' braiding device does not keep the stitching in the centre of the braid in turning corners, circles and curves, and that fact was also demonstrated by the actual working of the device in the presence of the court. The guides or sides of the braiding channel or groove fail, therefore, to hold the braid in position until it is sewed on the cloth, and they thus fail because they do not extend past the centre, and on each side, of the needle hole. In the defendants' device, the braid is not held in position, independently of the turning of the cloth, but, so long as the presser foot is down, moves out of the line of centrality of the stitching when the cloth is turned according to the curvature of the pattern, requiring the machine to be stopped, and the presser foot to be raised, and the braid to be restored to the line of centrality, and the presser foot to be replaced, before the operation of sewing the braid can be resumed. The necessity for these manipulations is created by the fact that the sides of the braiding groove do not, in the defendants' device, extend, in the sense of Robertson's patent, past the centre, and on each side, of the needle hole. If they did, the result attained by Robertson would follow. The bill must, therefore, be dismissed, with costs.